UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**DANIEL OMIATEK, on behalf of himself and
all others similarly situated,**

                               **Plaintiff,**                09-CV-0352S(Sr)

**v.**

**BIG LOTS INC.,**

                               **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #12.

Currently before the Court is defendant's motion for judgment on the pleadings dismissing plaintiff's collective action pursuant to the Fair Labor Standards Act ("FLSA"), and plaintiff's class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Dkt. #6. For the following reasons, it is recommended that defendant's motion be denied.

## FACTUAL BACKGROUND

Plaintiff was employed by defendant as an assistant store manager from July, 2003 through October, 2007. Dkt. #1, ¶ 6. Plaintiff asserts that he is a non-

exempt employee who regularly worked in excess of 40 hours per week without receiving additional compensation for the hours worked in excess of 40 hours. Dkt. #1, ¶ ¶ 3 & 21. Plaintiff further alleges that defendant employs a significant number of individuals as "assistant store managers" and pays them on a salary basis even though their duties involve almost exclusively the unpacking and stocking of merchandise and arrangement of goods for display in defendant's stores. Dkt. #1, ¶¶ 14 & 16. Plaintiff alleges that these assistant store managers also regularly work in excess of 40 hours per week without receiving additional compensation. Dkt. #1, ¶ 15.

Plaintiff's first cause of action claims violation of the FLSA, specifically, 29 U.S.C. § 207(a), which generally requires an employer to pay an employee one and one-half the employee's regular rate of pay if the employee works more than forty hours in a workweek. Dkt. #1, ¶ 36. Plaintiff seeks to prosecute this claim as a collective action in accordance with 29 U.S.C. § 216(b). Dkt. #1, ¶ ¶ 35-39. Plaintiff defines the FLSA class as: "All similarly situated employees, current and former, of defendant in the United States . . . for the three-year period preceding the filing of this action." Dkt. #1, ¶ 34.

Plaintiff's second cause of action claims violation of N.Y.C.R.R. § 142-2.2. Dkt. #1, ¶ 41. Plaintiff alleges that based on their duties, assistant store managers do not fall within the exemption for "white" collar employees employed in a bona fide executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount. Dkt. #1, ¶ 42. Plaintiff's third cause of action claims

unjust enrichment. Dkt. #1, ¶ 47. Plaintiff seeks certification of his second and third causes of action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Dkt. #1, ¶ 17. Plaintiff defines the class as: "All assistant store managers, regardless of precise title, employed by defendant in the State of New York during the six years preceding the filing of this Class Action Complaint." Dkt. #1, ¶ 17.

## DISCUSSION AND ANALYSIS

Defendant argues that plaintiff's allegations are virtually identical to the claims asserted in *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp.2d 567 (E.D. La. 2008), a case in which a district court in the Eastern District of Louisiana decided, following a seven day bench trial, to decertify a nationwide collective action claiming improper classification of defendant's assistant store managers as exempt from overtime provisions because of "significant diversity among plaintiffs in terms of their job experiences." Dkt. #6, pp.6 & 9-11. Defendant asserts that "[n]either the Court nor the parties should be put to the enormous expenditure of time and resources needed to rehash what is essentially 'old ground' only to reach the same inevitable result as in the *Johnson* litigation." Dkt. #6, p.6. In essence, defendant asks the Court to take judicial notice of the district court's factual findings in *Johnson* and apply those findings to this action. Dkt. #6, p.9.

Plaintiff responds that the complaint states valid claims for relief and it is inappropriate to substitute the factual findings of a district court in Louisiana for the

allegations contained in this complaint. Dkt. #14, pp.7 & 11-15. Plaintiff notes that there are both legal and factual distinctions between the class in the Louisiana case and the proposed class in this action. Dkt. #14, pp.8-9. Plaintiff also argues that it is procedurally improper to consider dismissal of the collective and class action claims before plaintiff has had the opportunity to move for class certification or to conduct discovery. Dkt. #14, pp.10-12.

Defendant replies that plaintiff's class and collective action allegations are not plausible in light of the *Johnson* decision and notes that plaintiff has failed to explain how discovery could lead to a factual record that differed from the facts presented to the district court in Louisiana. Dkt. #16, p.1. Defendant argues that plaintiff's class and collective action allegations fail to meet the plausibility standards of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Specifically, defendant argues that plaintiff's allegations that all of the putative class members "perform or have performed the same or similar work as plaintiff" and that their classification as exempt from the overtime requirements of the FLSA and corresponding New York law "does not depend on the personal circumstances of the FLSA class members" are nothing more than conclusory assertions. Dkt. #16, p.3. Defendant reiterates that "[i]t would be an enormous waste of both the Court's and the Parties' time and resources to allow Plaintiff to conduct extensive discovery in pursuit of class certification when Plaintiff cannot show that entitlement to class-wide relief is plausible." Dkt. #16, p.8. Defendant does not challenge plaintiff's individual claim that he was denied overtime compensation in violation of the FLSA and New York statutory and common law.

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006). "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

While a court may take judicial notice of documents filed in another court, it may do so "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer*, 937 F.2d at 774. This is because "[f]acts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b)" of the Federal Rules of Evidence. *International Star Class Yacht Racing Assoc. v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir. 1998). Thus, this Court may not rely upon the factual findings of the district court in *Johnson* to resolve defendant's motion to dismiss. *See id.* (error for district court to rely on statements of fact contained in an earlier decision in another matter to establish prevailing trademark practices); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (error for the district court to take judicial notice of bankruptcy court's factual findings in civil action by surety for bankrupt corporation); *Jasper v. Sony Music Entertainment, Inc.*, 378 F. Supp.2d 334, 339 (S.D.N.Y. 2005) (taking judicial notice of documents from a prior action "only to the extent that they

indicate that certain judicial proceedings occurred and that certain findings and averments were made" because "findings and decisions of other[] courts only address the record in that action, not the present allegations.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the instant case, there is nothing implausible about plaintiff's factual allegations that other assistant store managers also worked more than 40 hours per week without receiving overtime compensation even though their duties involved almost exclusively the unpacking and stocking of merchandise and arrangement of goods for display in defendant's stores. Dkt. #1, ¶¶ 3, 14, 15, 16 & 21. Whether plaintiff is able to support these allegations with sufficient evidence demonstrating that the assistant store managers are similarly situated to plaintiff is a question most appropriately resolved in the context of a motion to conditionally certify a collective action rather than a motion to dismiss. Similarly, a determination as to whether plaintiff's allegations of unjust enrichment and improper classification of assistant store managers as white collar employees under New York law are common to the class of assistant store managers in New York as a whole and involve questions of law applicable in the same manner to each member of the class is most appropriately resolved in the context of a motion to certify a class action in accordance with Rule 23 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, it is recommended that defendant's motion (Dkt. #6), to dismiss plaintiff's collective and class action claims be denied.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:  Buffalo, New York
January 4, 2010

　　　　　　　　　　　　　　　　　　　　 s/ H. Kenneth Schroeder, Jr.
　　　　　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**